LAWRENCE BREWSTER
Regional Solicitor
DAVID M. KAHN
Counsel for ESA Programs
California State Bar Number 230957
**CHERYL L. ADAMS, Trial Attorney**
California State Bar Number 208244
Office of the Solicitor
United States Department of Labor
90 7th Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7759
Facsimile: (415) 625-7772
e-mail: adams.cheryl.l@dol.gov

Attorneys for Plaintiff
Secretary of Labor
U.S. Dept. of Labor

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br>              Plaintiff, <br>       v. <br><br> ANAHEIM CENTSIBLE TILE, INC., a California corporation; and ANTHONY BEBER, an individual, <br><br>              Defendants. | CIVIL ACTION NO. SACV06-685 AG (ANx) <br><br> **CONSENT JUDGMENT** <br><br> Trial:  May 19, 2009 <br> Before: Hon. Andrew J. Guilford <br>         Courtroom 10D <br>         411 West Fourth Street <br>         Santa Ana, California |

Plaintiff, Secretary of Labor, United States Department of Labor, having filed her complaint, and Defendant ANTHONY BEBER having appeared through counsel, having answered the complaint, and having been duly advised on the proceedings, and having agreed to the entry of this Consent Judgment in settlement of this case without contest.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., (hereafter the "Act" or the "FLSA"), that Defendant Beber, his agents, servants, employees, and all persons in active concert or participation with him be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners:

1.   Defendant ANTHONY BEBER shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of his employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rates at which he is employed.

2.   Defendant ANTHONY BEBER shall not fail to make, keep and preserve records of his employees and of the wages, hours, and other conditions and practices of employment maintained by him as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 CFR Part 516.

3.   Defendants shall not withhold payment of $41,273.88 which represents the unpaid overtime compensation hereby found to be due, for the period from February 6, 2004, through October 24, 2004, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in

the amounts set forth therein.

    4.   Defendant ANTHONY BEBER, shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to it or to someone else on its behalf, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall Defendant ANTHONY BEBER, accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall Defendant ANTHONY BEBER, discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from Defendant ANTHONY BEBER, under the provisions of this judgment or the Act.

    FURTHER, JUDGMENT IS HEREBY ENTERED, pursuant to Section 16(c) of the Act, in favor of the Secretary and against the Defendant Beber in the total amount of $72,547.76.

    5.   Defendant ANTHONY BEBER shall not withhold payment of the sum of $41,273.88, which represents the unpaid overtime compensation hereby found to be due, for the period February 6, 2004, through October 24, 2004, to the former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein, less deductions for employees' share of social security and withholding taxes.

6. Defendant ANTHONY BEBER shall further pay to Plaintiff as liquidated damages the additional sum of $31,273.88 hereby found to be due, for the period February 6, 2004, through October 24, 2004, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

7. The provisions of paragraphs 5 and 6 of this Consent Judgment will be deemed satisfied by Defendant Beber delivering to the Secretary's representative the following within ten days of entry of this Consent Judgment:

    a. A schedule in duplicate showing the name, last known address, social security number, gross amount of wages due, amounts deducted from gross wages for each employee's share of social security and withholding taxes, and the net amount of such payment for each employee named in Exhibit A.

    b. Payment shall be in the form of separate certified checks for each employee named in Exhibit A, made payable to the order of the employee or the "Wage and Hour Div., Labor" as alternative payees (for example, the first check should read "PAY TO THE ORDER OF ENRIQUE AVILA or the WAGE AND HOUR DIV., LABOR") and equal to the total net amount due each such employee after deducting the amount of legal deductions as listed on the schedule referred to in subparagraph (a) above from the gross amount of wages in the "Total Due" column as listed opposite each employee's name in Exhibit A attached.

    c. The payment shall be made by mailing such checks by certified mail with the schedule hereinbefore described to the United States Department of Labor, Wage and

Hour Division, Orange Area Office, 770 The City Drive South, Suite 5710, Orange, CA 92868. Should Defendant Beber fail to make the aforesaid payments set forth above within ten days of the entry of this Consent Judgment, the entire amount of the balance of unpaid compensation remaining shall become due without further notice by Plaintiff to Defendants, and that amount shall be subject to post-judgment interest at the rate of ten percent per annum.

8. The amounts so paid shall be used by the Secretary to satisfy the obligations imposed under the provisions of Sections 17 and 16(c) of the FLSA, 29 U.S.C. § 216(c), and shall be distributed to the employees named and in the amount set forth in Exhibit A to this Consent Judgment (or to their heirs or estates). Any monies not distributed by the Wage and Hour Division because of a failure to locate an employee or because of an employee's refusal to accept said distribution shall be deposited with the Treasurer of the United States, pursuant to 28 U.S.C. § 2041.

9. Further, the filing, pursuit, and/or resolution of this proceeding with the filing of this Consent Judgment shall not act as or be asserted as a bar to any action under Section l6(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named on the Exhibit A attached to the Consent Findings and incorporated hereto by reference, nor as to any employee named on the Exhibit A for any period not specified herein for the back wage recovery provisions.

10. Defendant Anthony Beber's obligations under the provisions of paragraphs 3, 4, 6 and 7 above shall be complied

with in accordance with and consistent with the terms and provisions of the United States Bankruptcy Code.

11. Each party shall bear all fees and other expenses (including court costs) incurred by such party in connection with any stage of this proceeding to date.

ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the prospective injunction contained within.

Dated this 18th day of May 2009.

_____
ANDREW J. GUILFORD
U.S. DISTRICT JUDGE

DATED:                                    DATED:

CAROL A. DEDEO                            _____
Deputy Solicitor                          Anthony Beber, Defendant
 for National Operations

LAWRENCE BREWSTER                         Approved as to form:
Regional Solicitor
                                          _____
DAVID M. KAHN                             Joseph E. Mudd
Counsel for ESA Programs                  Attorney for Defendant,
                                          Anthony Beber
By:_____
Cheryl L. Adams, Trial Attorney           Joseph E. Mudd, PLC
                                          16485 Laguna Canyon Road
Attorneys for Plaintiff                      Suite 230
UNITED STATES DEPARTMENT OF LABOR         Irvine, CA 92618

Office of the Solicitor
90 7th Street, Suite 7-300

**EXHIBIT A**

| | Back Wages | Liquidated Damages | Total per Individual |
|---|---|---|---|
| ENRIQUE AVILA | $324.50 | $245.88 | $570.38 |
| JOSE FRANCISCO AYALA | $3,194.50 | $2,420.53 | $5,615.03 |
| DAVID J. BIRD | $468.44 | $354.94 | $823.38 |
| GIOVANNY CAMPOS | $2,770.00 | $2,098.87 | $4,868.87 |
| MARK CASTANEDA | $271.77 | $205.92 | $477.69 |
| JORGE CISNEROS | $555.00 | $420.54 | $975.54 |
| JOSE MANUEL CORTES | $31.30 | $23.72 | $55.02 |
| JAMES ELLISON | $77.96 | $59.07 | $137.03 |
| HORACIO ISRAEL FLORES | $1,325.00 | $1,003.97 | $2,328.97 |
| JOSE RAMON FLORES | $1,758.40 | $1,332.37 | $3,090.77 |
| JOSE GALLEGOS | $63.00 | $47.74 | $110.74 |
| JOSE L. GARCIA | $935.25 | $708.65 | $1,643.90 |
| ISRAEL GONZALEZ | $1,626.00 | $1,232.05 | $2,858.05 |
| GILBERTO HERNANDEZ | $4,578.00 | $3,468.83 | $8,046.83 |
| GUADALUPE HERNANDEZ | $62.61 | $47.44 | $110.05 |
| OCTAVIO HERNANDEZ | $254.35 | $192.73 | $447.08 |
| STEVE HERNANDEZ | $375.65 | $284.64 | $660.29 |
| JOSE JIMENEZ | $1,259.50 | $954.35 | $2,213.85 |
| MICHAEL G. KENNARD | $551.33 | $417.75 | $969.08 |
| DAVID LAW | $615.88 | $466.66 | $1,082.54 |
| SANTIAGO MANZO | $1,885.50 | $1,428.67 | $3,314.17 |
| STEVEN B. MARKLE | $86.09 | $65.23 | $151.32 |
| IGNACIO MARTINEZ | $78.26 | $59.30 | $137.56 |
| PABLO MARTINEZ | $907.50 | $687.63 | $1,595.13 |
| SAMUEL MARTINEZ | $607.75 | $460.50 | $1,068.25 |
| SALVADOR MILAN | $1,253.32 | $949.66 | $2,202.98 |
| JUAN MORAN | $224.13 | $169.83 | $393.96 |
| JESUS NAVARRETTE | $1,119.98 | $848.63 | $1,968.61 |
| MANUEL NAVAS | $513.11 | $388.79 | $901.90 |
| RIGOBERTO O. NUNEZ | $1,727.500 | $1,308.95 | $3,036.45 |
| JOSE PELAYO | $1,138.00 | $862.28 | $2,000.28 |
| PEDRO PEREZ | $33.26 | $25.20 | $58.46 |
| REMBERTO QUINONES | $3,338.75 | $2,529.82 | $5,868.57 |
| AMADOR QUINONEZ | $3,366.25 | $2,550.66 | $5,916.91 |
| EFRAIN SANCHEZ | $2,018.37 | $1,529.35 | $3,547.72 |
| THOMAS E. SCHIMMER | $392.39 | $297.32 | $689.71 |
| ALEJANDRO SEGOVIANO | $42.75 | $32.39 | $75.14 |
| JOSEPH P. SFERRURA | $1,376.01 | $1,042.62 | $2,418.63 |
| SEAN WHITLOCK | $66.52 | $50.40 | $116.92 |
| TOTAL | $41,273.88 | $31,273.88 | $72,547.76 |